**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4145**

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

FELIX A. ALMONTE,

           Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:13-cr-00301-TSE-1)

Submitted: August 20, 2014        Decided: August 25, 2014

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory B. English, ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Inayat Delawala, Stephen M. Campbell, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felix Almonte was convicted of conspiracy to possess and pass counterfeit United States currency and five counts of possessing and passing such currency. See 18 U.S.C. §§ 371, 472 (2012). He was sentenced to twenty-seven months in prison. Almonte now appeals, raising two claims. We affirm.

Almonte first contends that the evidence was insufficient to support his convictions because the Government failed to establish that he knew the bills he possessed and passed were counterfeit. We will sustain a jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

Here, there was ample evidence that Almonte knew he was passing counterfeit bills. He and others accompanied Sandra Rodriguez when she obtained the bills from suppliers in New York City. The group then traveled south with her. Rodriguez determined where they would pass the counterfeit bills. She distributed the money to Almonte and others and instructed them to use it to purchase small, expensive items. Almonte was seen on numerous store videos purchasing such items, often using two $100 bills, and typically was seen a short time later on other stores' videos returning the same items for cash. Rodriguez testified that she paid conspirators, including Almonte, $100

2

for every $1000 in counterfeit money that they passed.  This evidence is sufficient to establish that Almonte knew the bills he was passing were counterfeit.

Almonte also objects to the application of a two-level enhancement for obstruction of justice based on his perjury at trial.  See U.S. Sentencing Guidelines Manual § 3C1.1 (2013). We review the district court's factual findings regarding an enhancement for clear error and its legal conclusions de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008).

The § 3C1.1 enhancement applies to perjury.  USSG § 3C1.1 cmt. n.4(B).  The adjustment is not applicable merely because the defendant testified and subsequently was convicted. United States v. Dunnigan, 507 U.S. 87, 95 (1993).  Rather, the court must find that the defendant gave false testimony under oath "concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  Id. at 94.

We conclude that the district court correctly applied the enhancement.  At trial, a clerk at a Banana Republic store in Fairfax County, Virginia, testified that on July 14, 2012, Almonte entered the store and passed two $100 bills.  The clerk thought the bills felt suspicious, and she took them to her manager, who was in a back room.  Almonte fled the store without the bills and without the merchandise he was attempting to

3

purchase. Rodriguez testified that, when Almonte returned to her car, he seemed hurried and said that they had to leave the area.

Almonte testified that he left the store because he received a telephone call from Rodriguez, who stated that her baby had fallen and they needed to leave for New York. Almonte said that they left for New York that day and that thereafter he stopped passing currency obtained from Rodriguez because he felt there was something wrong with the money. On cross-examination, however, photographs were introduced showing that he, Rodriguez and coconspirator Diana Vasquez passed counterfeit currency in Sterling, Virginia, on July 15, 2012.

Given this testimony, the district court did not clearly err in finding that Almonte lied about this incident. We conclude that, based on Almonte's perjury, the § 3C1.1 enhancement was proper.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED